**Phillip Mounir ESKANDER ABDELMESSIH,**
Petitioner

v.

**ATTORNEY GENERAL OF THE UNITED STATES,**
**Respondent.**

No. 05–4244.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 15, 2006.

Filed Nov. 6, 2006.

Melvin R. Solomon, Parsekian & Solomon, Hackensack, NJ, for Petitioner.

Michael J. Haungs, United States Department of Justice Tax Division, Christopher T. Dong, United States Department of Justice Office of Immigration Litigation, Washington, DC, Michael P. Lindemann, Christopher C. Fuller, for Respondent.

Before: FUENTES, FISHER and McKAY,* Circuit Judges.

## OPINION OF THE COURT

McKAY, Circuit Judge.

Petitioner is an Egyptian citizen who overstayed his visitor's visa by a period of seven years. In appropriate proceedings, he was ordered removed after he admitted all relevant factual allegations against him and conceded removability. In an attempt at avoiding removal, he requested asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), all of which were denied by the Immigration Judge ("IJ") and affirmed by the Board of Immigration Appeals ("BIA") without opinion. This appeal challenges those denials.

■ It is clear that we lack jurisdiction to review the IJ's denial of Petitioner's asylum application because the application was filed more than one year after Petitioner's arrival in the United States. *See* INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). Our lack of jurisdiction applies both to the timeliness and to the exception for "extraordinary circumstances," which would excuse late filing. *See Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir.2003); *see*

---

* The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth Circuit, sitting by designation.

*also Sukwanputra v. Gonzales,* 434 F.3d 627, 633–35 (3d Cir.2006) (finding that *Tarrawally* remains good law despite enactment of the REAL ID Act).

For a withholding of removal claim, the applicant must demonstrate a "clear probability" of persecution if removed, *INS v. Stevic,* 467 U.S. 407, 413, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984); in other words, persecution must be more likely than not, *id.* at 430, 104 S.Ct. 2489. To qualify for protection under the CAT, the applicant must demonstrate that it is more likely than not that he will be tortured if removed. *Ayuk Ako Obale v. Attorney Gen. of the United States,* 453 F.3d 151, 161 (3d Cir.2006). Our review is limited to determining whether the IJ's denial of these claims was supported by substantial evidence.

Petitioner testified at his immigration hearing that he sold cigarettes and liquor in Egypt. He claimed that in 1994 he was threatened by members of the Islamic Jihad, who told him to stop selling alcohol and to convert to Islam. On one occasion, he and his driver were beaten by Islamic Jihad members. Petitioner reported this incident to the police, but they refused to take a report because he was Christian. A doctor treated his injuries but did not write a report because he was afraid to state that he had treated a Christian. In 1995, a man held a knife to Petitioner's neck and told him that he would be killed if he did not convert to Islam. Petitioner agreed to convert, but then stalled the Jihadists for several months until he was able to leave the country.

The IJ concluded that Petitioner had not satisfied the standard for withholding of removal or relief under the CAT. The IJ explained that Petitioner did not provide medical evidence of injuries or any evidence of torture and that he still has relatives who remain in Egypt unharmed. Further, Petitioner did not attempt to relocate in order to avoid the people who were threatening him. More generally, the IJ found that Petitioner's story was vague and fragmented, suggesting that he was not telling the truth. After a thorough and careful review of the record, we are satisfied that substantial evidence supported the conclusion that Petitioner was not entitled to withholding of removal or relief under the CAT.